UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TREVIN NUNNALLY,

     Plaintiff,

v.                                    Case No. 5:16cv74/MP/CJK

UNITED STATES OF AMERICA,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's "Motion for Writ of Mandamus." (Doc. 1). Plaintiff was found guilty in federal court of conspiracy to distribute and possess with intent to distribute more than 50 grams of a mixture and substance containing cocaine base and more than 5 kilograms of a mixture and substance containing cocaine. *See United States v. Nunnally*, Case No. 5:05cr45-MW/GRJ, Doc. 135 (N.D. Fla.). He is currently serving a 240-month term of imprisonment. *Id.*, Doc. 435.

In this petition for writ of mandamus, Mr. Nunnally seeks to compel Judge Walker (his sentencing judge) to rule that his Georgia "First Offender" conviction does not qualify as a "felony drug offense" under 21 U.S.C. § 841. (Doc. 1, p. 1); *see*

*also* 21 U.S.C. § 841(b)(1)(A) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment[.]").  Plaintiff asserts that Georgia law prohibits consideration of his First Offender conviction for purposes of a sentencing enhancement.

In his criminal case, Mr. Nunnally raised identical claims in a "Motion to Amend Record and Correct Sentence Pursuant to 18 U.S.C. § 3559(c)."  Case No. 5:05cr45-MW/GRJ, Doc. 447.  On March 7, 2016, Judge Walker denied plaintiff's motion. *Id.*, Doc. 448.  Thus, plaintiff's "Motion for Writ of Mandamus" is moot. *See Anderson v. United States*, 241 F. App'x 625, 628-29 (11th Cir. 2007) (petition for writ of mandamus seeking ruling on § 3582 motion for reduction of sentence rendered moot by district court's denial of the motion); *In re Bennett*, 136 F.3d 1281 (11th Cir. 1998) (petition for writ of mandamus seeking decision on habeas corpus petition rendered moot by the district court's disposition of the habeas petition). Moreover, a petition for writ of mandamus cannot be used to compel a district court judge to rule in a defendant's favor on a motion to correct sentence.

Accordingly, it is respectfully RECOMMENDED:

1.      That plaintiff's "Motion for Writ of Mandamus" (doc. 1) be DENIED AS

MOOT.

2.      That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of March, 2016.


/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.    A  party  failing  to  object  to  a  Magistrate  Judge's  findings  or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.