IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TREVIN NUNNALLY,

    Petitioner,

v.                                                                            CASE NO. 5:16-cv-00074-MP-CJK

UNITED STATES OF AMERICA,

_____/

## **O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated March 9, 2016. (Doc. 3). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Petitioner has filed objections at Doc. 4. I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. In his Motion for Writ of Mandamus, petitioner makes the following argument:

> [Petitioner] was not afforded the due process right under the 5th amendment of the U.S. Constitution and he equal protection of law right under the 14th amendment afforded to him by the Georgia First Offender Act, O.C.G.A. § 42-8-65(a)...due to the face that this court still used the First Offender Conviction as an enhancement...

Doc. 1 at 2. For relief, petitioner asks the Court to direct the United States to "remove the prior conviction from his Court record and the enhancement that enhanced his sentence." Id. at 3

It is clear from this language that petitioner is collaterally attacking his conviction and sentence. Typically, collateral attacks on the validity of a federal conviction or sentence must be

brought under 28 U.S.C. § 2255.  Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir.2003). Thus, as the Magistrate Judge recommends, a petition for writ of mandamus is not the appropriate vehicle for the relief sought by petitioner.  Since petitioner has already brought a 28 U.S.C. § 2255 motion, he must seek prior permission from the Eleventh Circuit to file a successive petition.  See 28 U.S.C. § 2255(h).  Additionally, on the merits, petitioner's argument fails.  See United States v. Fernandez, 58 F.3d 593, 600 (11th Cir. 1995) (concluding that "a state offense in which the defendant pleads nolo contendere and adjudication is withheld pending completion of probation constitutes a 'prior conviction' for purposes of the enhancement provision of 21 U.S.C. § 841").

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The petition for writ of mandamus, Doc. 1, is denied.  The motion for summary judgment at Doc. 5 is also denied.  The Clerk is directed to close the file.

**DONE AND ORDERED** this *30th* day of March, 2016

         *s/Maurice M. Paul*
         Maurice M. Paul, Senior District Judge